IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CIONJA WEST, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-1137 |
| : | |
| NATIONAL CREDIT SYSTEMS, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

Cionja West alleges that National Credit Systems ("NCS") and RentGrow violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in a variety of ways. She seeks leave to proceed *in forma pauperis* to assert claims against them. I will permit her to proceed *in forma pauperis* and I will dismiss her claim because it does not state a plausible claim. I will give her an opportunity to amend her Complaint to add more details, if she can do so truthfully.

### I.   FACTUAL ALLEGATIONS

In March 2024, Ms. West tried to rent an apartment at two different locations, Madison Elm West and The Driftway. As part of the rental application, both landlords obtained a consumer report from RentGrow, in which NCS "is reporting inaccurate information." (ECF No. 2 at 2.) The report contained derogatory and inaccurate information about her, including judgments, collections, and charge-offs. According to Ms. West, if NCS and RentGrow followed reasonable procedures, then they would not have reported the inaccurate information because a check of public records would have

revealed the inaccuracies. As a result of the inaccurate information, both the Madison Elm West and The Driftwood denied Ms. West's rental applications.

Ms. West alleges that NCS and RentGrow were negligent or willful in failing to follow reasonable procedures to ensure accuracy in her credit report. She also alleges that the companies failed to comply with the reinvestigation requirements of § 1681i of the FCRA. Ms. West also asserts claims against NCS and RentGrow because they provided her credit file to companies without determining that these companies had a permissible purpose to obtain her credit file, in violation of Section 1681b of the FCRA, and failed to provide her with her credit file in violation of FCRA § 1681g. She seeks money damages.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*,

12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

### A.   Reasonable Procedures (FCRA Sections 1681e(b) And 1681i(a))

Under the FCRA, consumer reporting agencies must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a plausible claim under this

section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *See Cortez*, 617 F.3d at 708.

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *See Cortez*, 617 F.3d at 713. Also, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

As all this makes clear, to proceed under Section 1681e(b) or Section 1681i(a), a plaintiff must show that the reported information was inaccurate. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022). Ms. West does not make that allegation with enough detail to support a plausible claim. She alleges broadly that her credit report had inaccurate information, but she has no detail about what the inaccurate information was. That's not enough. *See Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information).

In addition, Ms. West's alleations about NCS's and RentGrow's actions that allegedly violated § 1681e(b) and § 1681i(a) are conclusory. Conclusory allegations that merely recite the elements of a cause of action are do not suffice to allege a plausible claim for purposes of statutory screening. *See Iqbal*, 556 U.S. at 678.

B.   **Permissible Purpose/Provision Of Credit File (FCRA Sections 1681b And 1681g)**

"[A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other: . . . (3) To a person which it has reason to believe -- (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer. . . . 15 U.S.C. § 1681b. Although Ms. West claims that NCS and RentGrow violated this provision, she hasn't explained how. The landlords—Madison Elm West and The Driftway—appear to have had

5

a permissible purpose. *See*, *e.g.*, *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 818 (W.D. Ky. 2003) (noting that the Federal Trade Commission holds that § 1681(a)(3)(F)(i) "would certainly permit a landlord to procure a consumer report to evaluate a consumer's rental application (that is, when the lease "transaction . . . is initiated by the consumer.")." Ms. West has not identified anyone else who got her credit report from NCS or RentGrow.

In addition, although Section 1681g requires a consumer reporting agency, upon a consumer's request, to "clearly and accurately disclose to the consumer ... [a]ll information in the consumer's file at the time of the request," Ms. West has not alleged that she made such a request. Her Complaint therefore fails.

**IV.   CONCLUSION**

I will dismiss Ms. West's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. I will give Ms. West leave to amend her complaint if she can correct the defects I have noted. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 29, 2024